### 11176

## MOONEY v. GILREATH

(117 S. E., 186)

1. TRIAL—ERROR IN DENYING NONSUIT CURED BY EVIDENCE SUSTAINING REFUSAL TO DIRECT VERDICT.—Where defendant moved for a nonsuit at the close of plaintiff's evidence, and for a directed verdict at the close of all evidence, the error, if any, in refusing the nonsuit, is cured, if the evidence warranted the refusal of the directed verdict.

2. MUNICIPAL CORPORATIONS—WHETHER CITY EMPLOYEE, INJURED BY AUTOMOBILE WHILE INVESTIGATING INJURY TO HORSE IN CENTER OF STREET, GUILTY OF CONTRIBUTORY NEGLIGENCE HELD FOR JURY.—Evidence that plaintiff was injured by defendant's automobile while in the discharge of his duty in investigating an injury to a horse in the center of the street held to require a submission to the jury of the question of contributory negligence.

3. MASTER AND SERVANT—AGENCY OF AUTOMOBILE OWNER'S MINOR SON HELD FOR JURY.—On evidence that a father kept an automobile for the pleasure and convenience of his family, and minor son who used the automobile for his own convenience and pleasure, under general

authority from the father, after son, under instructions from his father, had gone to meet his mother and failed to find her, *held* that the inference might be reasonably indulged in that such use of the automobile was a part of and within the scope of the service for which father had authorized son to use the automobile, and hence the question whether the son was driving as the father's agent was for the jury.

4. MASTER AND SERVANT—MINOR CHILD USING FAMILY AUTOMOBILE FOR OWN PLEASURE SERVANT OF PARENT.—Where a parent purchases an automobile for the use of his family, a child using it for his own pleasure is a servant of his parent in doing so, and if, in the course of his travels, he negligently manipulates the machine, the act is within the scope of his employment.

Before MEMMINGER, J., Greenville, September, 1921. Affirmed.

Action by W. M. Mooney against J. W. Gilreath. Judgment for plaintiff and defendant appeals.

*Messrs. Dean, Cothran & Wyche,* for appellant, cite: *Case does not come within the "family purpose doctrine"*: 97 S. C., 171; 5 A. L. R., 216; 10 A. L. R., 1434. *What is termination of journey:* 111 S. E., 13.

*Messrs. Mauldin & Love,* for respondent, cite: *Illegal operation of vehicle is main question:* 110 S. E., 386; 106 S. C., 362; 112 S. C., 258; 115 S. C., 338. *Proof of agency:* 79 S. C., 578; 63 S. C., 567. *On refusal of nonsuit Court will consider testimony for defendant:* 79 S. C., 578; 91 S. C., 440; 1 Hill L., 382; 62 S. C., 127. *Rights of pedestrian:* Thomp., Neg., 1st Supp., 218; 108 S. E., 187; 106 S. E., 683. *Action may be against car alone under attachment, but also against driver or owner:* 110 S. E., 386; 97 S. C., 171.

April 10, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The plaintiff was struck by an automobile driven by the minor son of the defendant on one of the streets of the city of Greenville and brought this action for damages on account of personal injuries thereby inflicted. The legal

liability of the defendant is predicated upon allegations that the defendant was the owner of the car, that at the time of the collision the car was negligently and recklessly driven by the son as the defendant's agent, and that defendant was guilty of negligence in placing the automobile at the disposal of his minor son to be used by him as he elected. The answer admits that "the plaintiff was struck by an automobile which belonged to defendant and which was being driven by a minor son of the defendant." On the trial the defendant moved for nonsuit at the close of plaintiff's evidence, and for a directed verdict at the close of all the evidence, substantially upon the two grounds: (1) That the evidence was susceptible of no other reasonable inference than the plaintiff's own negligence contributed to his injury as a proximate cause; and (2) that there was no evidence establishing or tending to establish that the driver of the automobile was at the time of the collision acting as agent or servant of the defendant. From judgment on verdict for plaintiff in the sum of $1,000 actual damages, the defendant appeals upon exceptions which impute error to the trial Court in refusing the defendant's motions for nonsuit and for a directed verdict.

Under the well-settled rule, if upon all the evidence adduced by both parties the Court was warranted in refusing the motion to direct a verdict, the error, if any, in refusing the motion for nonsuit was cured. Broadly, therefore, the sole question is whether the Circuit Judge erred in refusing to direct a verdict for defendant upon either of the two grounds stated.

1. Upon the issue as to contributory negligence, there was evidence tending to establish that at the time of the collision, about 12:30 o'clock at night, the plaintiff, an employee of the city in charge of the night street cleaning force, was in the center of Pendleton street, where he had gone in the discharge of his duty to investigate an injury to one of the city's draught horses; that

there were five or six men in the party; that plaintiff was "looking on the ground for blood from the wounded horse," and had his face in the direction from which the car came; that it was not dark, but he could not see "for the men in front" of him; that he was not looking for any automobile, but could have seen it "if there had been any warning of its approach." The duty of the plaintiff to keep a lookout for and yield place to passing vehicles was not an absolute duty. That, in the circumstances indicated, the Court could not have held as a matter of law that the plaintiff was guilty of such contributory negligence in failing to see and get out of the way of the automobile as would bar a recovery, we think, is sufficiently clear fully to justify appellant's failure to argue this question in his printed points. The exception directed to that contention must be overruled.

2. The appellant's main contention is that there was 3, 4 no evidence tending to establish that the driver of the automobile was at the time of the collision an agent or servant of the defendant for whose negligence the defendant would be liable under the principle of respondent superior. The case of *Davis v. Littlefield,* 97 S. C., 171; 81 S. E., 487, squarely commits this Court to what is now generally called the "family purpose doctrine" in determining the liability of the owner of an automobile for an injury resulting from the negligent operation of the machine by a member of the owner's family within the scope of the purpose for which the machine is owned and kept. In that case the automobile was owned by Littlefield, who had provided it for the use and comfort of his family. Randolph, his son, 19 years of age, had the permission of his father to use the car for his own pleasure at any time. On the occasion of the accident, Randolph was alone in the car, driving it to a hotel for the purpose of taking his own friends for a ride. The defendant, the father of Randolph, was held liable for damages alleged to have been caused

by the automobile while thus used by Randolph; the Court saying:

"The authorities cited by appellant concede that, if Randolph was driving his mother, the appellant would be responsible, and the ground of responsibility would have been that, in driving his mother, Randolph would have been in the performance of the appellant's business. If Randolph had employed a hired driver to take Randolph and his friends out for a pleasure ride, the responsibility of appellant would have been equally clear. The machine would have been used for its sole purpose; i. e., the family pleasure. The fact that the son drove himself did not in any way change the business for which the machine was used."

While the "family purpose" theory has been severely criticized by several Courts of high standing as unsound in principle, it has apparently been approved and adopted by a majority of the American Courts. The prevailing view is thus stated in 20 R. C. L., 629:

"Where a parent purchases an automobile for the use of his family, a child using it for his own pleasure is held by the weight of authority to be the servant of his parent in doing so, and if, in the course of his travels, he negligently manipulates the machine, the act is within the scope of his employment."

See, to same effect, *Berry on Automobiles,* § 635; *Blackemore's Babbitt on Motor Vehicles* (2d Ed.), §§ 902, 903.

For the purposes of the present inquiry, the foregoing is deemed a sufficiently accurate statement of the "family purpose" rule. Since that rule has been adopted and applied by this Court in *Davis v. Littlefield, supra,* any review or analysis of the cases in other jurisdictions would be a work of supererogation. See notes, collating and reviewing the more recent cases, 5 A. L. R., 226; and 10 A. L. R., 1449.

The validity of appellant's contention, therefore, in this aspect of the case turns upon whether the evidence was reasonably susceptible of an inference or of inferences of

fact that would support a recovery under the "family pur-
pose" doctrine.  There was evidence tending to establish
the following facts: That Harry Gilreath, the driver, was
about 18 years old; that his father, the defendant, had
traded for the automobile at Harry's request; that Harry
had spent about $250 in fixing it up; that his father gave
Harry a half interest in the car; that the license was in
Harry's name, but the father paid the taxes; that about 9
o'clock on the night of the collision the defendant had sent
Harry over to town with the car for his mother who was
attending a school entertainment in the city; that about
10:30 finding he had missed his mother at the opera house
and having nothing to do his father had told him to do
he went on about his own business, which was to attend a
dance at the Textile Hall and ride around; and that Harry
was accustomed to drive the car when he pleased.  While
not clearly brought out, the evidence is reasonably sus-
ceptible of the inference that the automobile was kept at
the family residence, that Harry resided there with his
father and mother, and that at the time of the collision with
plaintiff Harry was driving the car home from a trip which
was begun under the father's express orders for a family
purpose.

   It is argued that the uncontradicted testimony to the
effect that Harry was part owner of the car conclusively
precludes the inference that it was furnished by defendant
for the use and pleasure of his family.  The complaint
alleged ownership in the defendant, the answer admitted
such ownership, and in any view ownership was an issue of
fact for the jury.  But, conceding that the car was jointly
owned by father and son, if the use for Harry's con-
venience and pleasure was a part of the common purpose
and joint business for which the car was acquired, owned
and kept, it would seem, although it is not necessary so to
decide, that liability under the principles of partnership
agency, might as legitimately be imputed to the defendant

as such liability as sole owner under the law of master and servant. But, whether the defendant was sole or part owner of the car, we think the evidence was reasonably susceptible of the inference that it had been acquired and was kept and used by the defendant for a purpose that he had as much right to make his business as he had to run a jitney line—the convenience and pleasure of his family, of which his minor son, Harry, was a member.

If so, appellant's additional suggestion that the evidence conclusively establishes nonliability, in that at the time of the collision Harry was engaged in an independent venture beyond the scope of his employment or service, is without force. The use of the automobile by Harry for his own convenience and pleasure under general authority from his father, after he had failed to find his mother, might be considered as much a part of the business of the defendant, for which he had purchased and kept the car, as the proposed use for the transportation of the wife and mother. We think, therefore, the inference might reasonably be indulged that such use was a part, and within the scope, of the service for which defendant had authorized the boy to run the car. The issue was properly submitted to the jury. *Davis v. Littlefield, supra.* Some comparatively recent cases, directly supporting that conclusion, are *Birch v. Abercrombie,* 74 Wash., 486; 133 Pac., 1020; 50 L. R. A. (N. S.), 59; *McNeal v. McKain,* 33 Okl., 449; 126 Pac., 742; 41 L. R. A. (N. S.), 775; *Allen v. Bland* (Tex. Civ. App.), 168 S. W., 35; *Lewis v. Steele,* 52 Mont., 300; 157 Pac., 575; *Griffin v. Russell,* 144 Ga., 275; 87 S. E., 10; L. R. A., 1916F, 216; Ann. Cas., 1917D, 994; *Kayser v. Van Nest,* 125 Minn., 277; 146 N. W., 1091; 51 L. R. A. (N. S.), 970; *King v. Smythe,* 140 Tenn., 217; 204 S. W., 296, L. R. A., 1918F, 293; *Landry v. Oversen,* 187 Iowa, 284; 174 N. W., 255; *Miller v. Weck,* 186 Ky., 552; 217 S. W., 904; *Plasch v. Fass,* 144 Minn., 44; 174 N. W., 438; 10 A. L. R., 1446 (wife).

The exceptions are overruled and the judgment of the Circuit Court is affirmed.

JUSTICE COTHRAN did not participate on account of illness.