## BURGESS v. STRICKLAND TRANSP. CO., Inc.

No. 15043.

Court of Civil Appeals of Texas.
Fort Worth.

May 13, 1949.

Rehearing Denied June 10, 1949.

Warlick, Bunnenberg & Douglas and Harry Bunnenberg, all of Vernon, for appellant.

Rawlings, Sayers & Scurlock, of Fort Worth, for appellee.

Lucian Touchstone, of Dallas, represented intervenor, Trinity Universal Ins. Co., but filed no brief in the appellate court.

HALL, Justice.

Appellant Ben S. Burgess sued appellee Strickland Transportation Company, Inc. in a district court of Clay County, Texas, for personal injuries and property damage from a collision admittedly occurring between his truck and one owned by appellee on or about the 24th day of August, 1946 in Clay County, Texas, while he was engaged in hauling asphalt to repair highway 287, at a point about 4 miles east of the town of Jolly in said County. He alleged that as he drove his truck to the north side of the highway preparatory to unloading said asphalt immediately in front of a maintainer that his truck was struck by one owned by appellee. The undisputed evidence reveals that appellant's truck was overturned and damaged and he was personally injured.

Appellee plead that appellant at the time or immediately before the collision was driving in an easterly direction and turned his truck north, crossing the highway at a point where there was no intersection and where there was a large maintainer on the pavement which served to block the view of vehicles going from east to west; that appellant was negligent in failing to keep a proper lookout; failing to stop his vehicle before going beyond the maintainer into the lane of traffic where appellee's truck was being driven; failing to have his truck under control before passing beyond the maintainer, and failing to sound any kind of warning as he drove across the pavement in front of the maintainer; any one of all of said acts were a proximate cause of the collision; that the Public Construction Company failed to have a flagman at the place where the maintainer was; that such conduct was the sole proximate cause of the collision; that the collision was the result of an unavoidable accident; and, by trial amendment, that its employee was confronted with a sudden emergency.

Trial was to a jury and in answer to special issues it found appellee's truck was driven at an excessive rate of speed, that such speed was negligence and that same was a proximate cause of appellant's in-

juries; that appellee's truck was not traveling at a speed in excess of 45 miles per hour, that such speed was negligence, and was a proximate cause of appellant's injuries; that appellee's truck driver ignored warning by the flagman to slow down, that such conduct was negligence, and was a proximate cause of appellant's injuries; that appellee's truck driver failed to keep a proper lookout, that such failure was negligence and a proximate cause of appellant's injuries; that appellant failed to keep a proper lookout, that such failure was negligence and the same was a proximate cause of the collision; that appellant failed to stop his vehicle before going beyond the maintainer into the lane of traffic where appellee's truck was being driven, that such failure was not negligence, but that the same was a proximate cause of the collision; that appellant did not fail to have his truck under proper control before passing the maintainer; that appellant did not fail to sound any kind of warning as he drove across the highway in front of the maintainer; that the Public Construction Company did not fail to have a flagman at the place where the maintainer was stationed; that appellee's truck driver was confronted with a sudden emergency; that $2,000 would reasonably compensate appellant for personal injuries and $1200 would reasonably compensate him for his property damage.

After the verdict was returned appellant filed his motions to disregard the verdict and for judgment non obstante veredicto.

Trinity Universal Insurance Company, the compensation carrier, intervened. Judgment being for appellee, appellant alone appeals, predicated upon four points of error.

We shall discuss 1 and 3 together as they seem to be related, as follows:

1. "The court should have disregarded the jury's findings, in response to special issues 13, 14 and 15, to the effect that plaintiff failed to keep a proper lookout, that such failure was negligence, and that it was a proximate cause of the collision, because the plaintiff, a workman on the highway at the time and intent upon his duties, was not obliged to keep a lookout for approaching traffic, there being barricades, signs, flares and three flagmen nearby to warn, caution and direct defendant's driver and the traveling public of the hazards of the highway, the danger to the workmen, and the safe method of travel; but, on the contrary, the driver of defendant's truck was required to exercise every care to guard and protect the plaintiff, as such a workman, from harm and injury."

3. "The court should have entered judgment non obstante veredicto for plaintiff, upon his motion, because the findings of the jury are sufficient to support such a judgment and all are favorable to him, except those relative to his failure to keep a proper lookout. * * *"

Under points 1 and 3 appellant's contention seems to be that the court erred in rendering judgment against him because the jury's answers to special issues 13, 14 and 15 convicted him of contributory negligence for failing to keep a proper lookout, which the jury found to be a proximate cause of the injuries, because he claims that as a workman upon the highway at the time he had his attention fixed upon his work and was under no compulsion or duty to keep a proper lookout and therefore could not be guilty of contributory negligence in failing to keep a proper lookout. On the other hand, appellee, under such circumstances, owed appellant the duty to protect him from harm, and being required, under such circumstances, to avoid injury to any one working upon the highway, and that he, appellant, should have judgment because the jury found appellee's truck driver guilty of excessive speed, failing to obey the warning of the flagman to slow down, failing to keep a proper lookout, and cites the following cases to support his contention: Chaney v. Moore, 101 W.Va. 621, 134 S.E. 204, 47 A.L.R. 800; Ostermeier v. Kingman-St. Louis Implement Co., 255 Mo. 128, 164 S.W. 218; 47 A.L.R. Annotated 809–810, Subsection b. We find appellant's contention not tenable.

The most that can be said in favor of appellant pertaining to above cases which he cites to support his contention is that in Chaney v. Moore it is held by the Supreme Court of Appeals of West Virginia

that an operator of an automobile on a public road is bound to observe extraordinary conditions existing along the way and when warned by a sign that workmen are engaged in repairing a road he must sound his horn and approach the place where the workmen are so employed at such rate of speed and have his car under such control as to avoid injury to such workmen, and that such workmen on a road or street may rely upon the driver of an automobile to protect him and is not guilty of contributory negligence as a matter of law for failure to observe negligence of a driver approaching him. Such holding places a greater degree of care upon the driver of the motor vehicle and the workmen on a public road have a right to rely on that degree of care by the operator. The court gave several wrong instructions to the jury in the Chaney case. The trial court also failed to instruct the jury with more particularity and clearness the rights of a person at work on a highway with reference to his duty as to lookout and listening for approaching cars, and his right to rely on the exercise of reasonable care by operators of cars thereon, and that failure to anticipate omission of this duty will not render plaintiff guilty of negligence upon penalty if he fails to do so and is injured thereby his own negligence will defeat recovery of damages sustained, that the injured party had a right to rely on the exercise of reasonable care on the part of the driver of the automobile without losing his right to recover damages sustained by negligence of the driver of the car.

Since appellant did not request such instruction to the jury, we find that if he were entitled to an additional instruction the same comes too late when it is raised for the first time in this court. None of the cases we have read on the subject immunes a workman on a public thoroughfare or highway from exercising some care and vigilance as stated in the trial court's instruction, opinion by the Supreme Court of Wisconsin in the case of Gunning v. King et al., 249 Wis. 176, 23 N.W.2d 602, 604, a part of said instruction is as follows: " * * * Of course, he cannot let his thoughts to wool-gathering and expect all users of the highway to give place to him;

he must exercise some care and vigilance; he must keep that lookout for vehicles and cars which an ordinary careful man similarly engaged or situated would keep." The opinion further states in part: "It is considered that it is a question for the jury to say whether his negligence under all of the circumstances was as great or greater than that of the defendant driver."

In the case of Ledford v. Southeastern Motor Truck Lines, Inc., et al., Court of Appeals of Tennessee, Western Section, 200 S.W.2d 981, certiorari denied by Supreme Court, this same phase of the law was discussed, that is, that a workman is not an ordinary pedestrian with no other care than for his own safety; on the contrary, he must necessarily devote his attention to his work and it is generally held that he is not guilty of contributory negligence as a matter of law for failure to keep a sharp lookout for approaching vehicles but that it is a question for the jury to decide. In other words, it was held in said case that ordinary care is a relative form and what is required by it depends upon facts of the particular situation.

In the case at bar the court instructed the jury, among other things, as follows:

"The term 'negligence' as used herein, is meant the doing of that which an ordinarily prudent person would not have done under the same or similar circumstances, or the failing to do that which such a person would have done under the same or similar circumstances."

"The term 'proper lookout', as used in this charge, is meant such a lookout for approaching vehicles or pedestrians as an ordinarily prudent person would have kept under the same or similar circumstances."

"The term 'proper control', as used in this charge, is meant such control as a person of ordinary prudence in the exercise of ordinary care would have kept under the same or similar circumstances."

This is as far as our courts require an instruction to be given in a case of this character. While the general charges given in the cases above mentioned relate to the juror, in detail, a clearer explanation of what is meant by ordinary care in a particular situation, yet we find that such

matters are presumably argued to the jury by the attorneys in their explanation of that degree of care which a reasonably prudent person would exercise under the same or similar circumstances. Other cases which we have read determine that it is a question for the jury as to whether the workman on a public highway or street was guilty of contributory negligence which proximately caused the injuries. They are: King v. Green, Court of Appeals, Second District, California, 7 Cal. App. 43, 94 P. 777, rehearing denied by the Supreme Court; Cecola v. 44 Cigar Co., Supreme Court of Pennsylvania, 253 Pa. 623, 98 A. 775; Hedding v. Pearson et al., 76 Cal.App.2d 481, 173 P.2d 382; Dube v. Keogh Storage Co., Supreme Judicial Court of Massachusetts, 236 Mass. 488, 128 N.E. 782; Isgro v. Plankinton Packing Co., Supreme Court of Wisconsin, 176 Wis. 507, 186 N.W. 606; Walker v. Pomush, Supreme Court of Wisconsin, 206 Wis. 45, 238 N.W. 859; State Compensation Insurance Fund et al. v. Scamell et al., 73 Cal.App. 285, 238 P. 780; Mooney v. Gilreath, Supreme Court of South Carolina, 124 S.C. 1, 117 S.E. 186; Gaylor v. Wienshienk, Kansas City Court of Appeals, Missouri, 221 Mo.App. 585, 283 S.W. 464. By a reading of these cases it is noted that all of them pertain to pedestrian laborers working on a public highway, street or thoroughfare in a more or less stationary position.

The question of appellant being guilty of contributory negligence, proximately causing his injuries, was submitted to the jury and was answered unfavorably to him. We do not know of any rule of law that would allow him to recover under such jury findings. The testimony shows that without due regard to the safety of himself or the users of the highway he swerved his truck immediately in front of appellee's driver, knowing, or by reasonable diligence should have known, that appellee's driver was unable to see his truck until it had gone into the line of traffic, which was the shoulder of the highway. Appellant testified that in order to make a more complete circle toward the maintainer he pulled out in front of appellee's truck and that "the flagman did not signal me to do that * * *. The traffic couldn't use the pavement at the particular point where we was working and they had to get over on the shoulder on the north side. When I made my turn I ran my car into that lane of traffic. I relied on the flagman so as I didn't see the truck that hit me coming I didn't give any signal or warning. I couldn't see him until I got past where the maintainer was and he was right at the back end of the maintainer when I saw him. * * * I had to go in the lane where the traffic west was going, but he could have room there to pull off to the right and miss me. * * * He wouldn't have had to run into the culvert, he could have run into that fence and saved that wreck."

The statement of facts shows there was no flagman immediately in front of appellant or on the side of the road where the accident occurred to guide him or the traffic. There were, however, flagmen several feet up and down the road from where the accident occurred; their duties were to wave the traffic off of the pavement on to the shoulder and to slow the traffic down. How the maintainer obscured the vision of both truck drivers is illustrated by appellant's testimony to the effect that he only drove 6 feet forward after seeing appellee's truck, which was immediately even with the maintainer before he ever saw it.

Homer B. Gilmer testified in behalf of appellee to the effect that "I first saw the gravel truck (meaning appellant's) as he had pulled off the shoulder to come around where all the traffic had to travel, this dump truck crowded me and caused me to come to very near a dead stop and I was already over in my lane and I stopped. By that time this truck (appellant's) had came up in front of the maintainer and run across in front of it. He was coming towards Henrietta and pulled up in front of it and was then headed north and was clean over on the shoulder when the impact taken place—the front wheels had just dropped off the pavement. I saw the Strickland Transportation truck just as it hit and I would say it was going around 15 miles an hour and no more."

We find there is sufficient evidence to support the jury's findings on the issues complained of by appellant and overrule his points 1 and 3.

Points 2 and 4 are relegated to appellant's argument that the court should have disregarded the jury's finding in response to special issue 28 to the effect that the driver of appellee's truck was confronted with a sudden emergency. Since the judgment is not based upon such issue, we find it unnecessary to discuss the same.

Finding no error, the judgment of the trial court is affirmed.