13813

HEWITT v. FLEMING *ET AL.*

(173 S. E., 808)

Before SHARKEY, J., Civil Court, Florence, November, 1931.

*Mr. P. H. McEachin,* for appellant,

*Messrs. Baker & Baker,* for respondent,

March 27, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The issues herein involve an appeal by Ervin Fleming, a defendant, in three cases, instituted in the Civil Court of Florence County. The litigation grew out of an automobile collision, in which three persons, Mrs. Bessie Hewitt, Mrs. Blanche Thomas, and A. C. Thomas, instituted separate actions against the defendants, Ervin Fleming and Beulah Thomas. The suits were tried together in the said Court before his Honor, R. W. Sharkey, Judge of said Court, and a jury, resulting in a verdict for the plaintiff Mrs. Bessie Hewitt, in the sum of $350.00, for actual and punitive damages, against the defendants; the sum of $100.00, as actual and punitive damages, for Mrs. Blanche Thomas, against the defendants; and for the plaintiff A. C. Thomas the sum of $50.00, as actual damages, against the defendants. From the judgment on the verdict, the defendant Ervin Fleming has appealed to this Court. The other defendant, Beulah Thomas, has not appealed.

The record in the case discloses that the defendants made a motion for directed verdict, which motion his Honor, the trial Judge, overruled. The record also discloses that the defendants made a motion for a new trial, and this motion was also overruled.

In his exceptions appellant imputes error to the trial Judge in refusing the motion for direction of a verdict, and also regarding the charge to the jury. The motion for direction of a verdict was based upon the following grounds:

"1. That the evidence is not sufficient to show that the defendant, Beulah Thomas, was acting as the agent of Ervin Fleming at the time of the collision, alleged in the complaint, occurred.

"2. Upon the ground that the evidence is not sufficient to show that the defendant, Beulah Thomas, was a member

of the defendant, Ervin Fleming's family, as contemplated by the family doctrine principle.

"3. That the evidence is susceptible of no other inference but that Beulah Thomas was not the agent of Ervin Fleming but was acting to serve her individual purpose and individual business.

"4. That no other reasonable inference can be drawn from the testimony but that Beulah Thomas was not the agent of Ervin Fleming at the time the collision occurred either under the general principles of principal and agent or under the principle of the family doctrine.

"5. There is no evidence in the case that the model 'T' Ford car was provided by Ervin Fleming for general family use or pleasure.

"6. That all the evidence shows that the car was used by Ervin Fleming prior to the purchase of the new car for his personal use and not that of his family."

In our opinion the trial Judge committed no error in refusing the motion for direction of a verdict. The automobile involved in the case was referred to as a model T Ford, and at the time of the collision in question was operated by the defendant Beulah Thomas. The contention of the plaintiffs is that this car was owned by the defendant Ervin Fleming, and purchased and kept by him as a family car, that is, for his use and for the use of the members of his family, contending, further, that the defendant Beulah Thomas was a member of his family, and that either under the general principles of principal and agent or under the principle of the family doctrine the appellant, Ervin Fleming, was liable. The wife of the appellant, Ervin Fleming, was the aunt of Beulah Thomas. Beulah's mother died when Beulah was but six years old, and at that age Beulah went to live with her said aunt, and from the testimony it may be inferred that she made her home with her said aunt and the said Ervin Fleming. While there was testimony to the effect that she was educated at a school at

Sumter and worked her way through school, a reasonable inference to be drawn from the testimony is that she continued to make her home with her said aunt and Ervin Fleming, even up to the time of the alleged collision, though there was testimony to the effect that she paid for her board there. There was testimony offered on the part of the plaintiffs tending to show that in going to and returning·from her school, of which she was in charge as teacher, she drove the car in question, and that Ervin' Fleming sometimes took her to and from school in this car to his home. It' was also brought out in the testimony that some time prior to the collision in question Ervin Fleming made a gift of this car to Beulah Thomas, and that after that time Ervin Fleming did not exercise any further control over it, but that Beulah used it as her absolute property, paying all bills for gas and oil used in connection with the car, as well as all repair bills. Ervin Fleming and Beulah Thomas testified to this effect, and their testimony was corroborated, in part, by other witnesses.

They also testified that at the time of the gift of the car to Beulah the transfer card for said car was delivered by Fleming to Beulah, but that Beulah neglected to have the transfer made in the highway commissioner's office, and it was admitted by the parties that the transfer had not, up to the time of the trial of the case in the lower Court, been made in the office of the highway commissioner. It is the contention of the plaintiffs, respondents before this Court, that, since the records in the office of the highway commissioner showed that Fleming had title to the car at the time in question, a presumption was raised that Fleming was the owner of the car, and therefore a question was raised for the jury to pass upon as to who was the owner of the car at the time in question. In our opinion, since the car was registered with the State Highway Department in the name of Fleming, a presumption arose that he was the owner, and under the testimony it was proper to submit the question of

ownership to the jury, and, further, his Honor, the trial Judge, committed no error in charging the jury in accordance with this holding. The family purpose doctrine is recorganized in this State (see the case of *Davis v. Littlefield,* 97 S. C., 171, 81 S. E., 487, and the case of *Mooney v. Gilreath,* 124 S. C., 1, 117 S. E., 186) ; and, there being some testimony to be submitted to the jury on the question of ownership of the car in question, it was proper, under the record in the case, to refuse the motion for direction of a verdict and allow the jury to pass upon the other issues involved, as to whether Beulah was a member of the family of Fleming, as to whether she was acting as his agent at the time of the collision in question, and whether the car in question was provided by Fleming for general use and pleasure, or whether the car in question was purchased, provided, and kept by Fleming for his personal use exclusively.

The allegation of error regarding the charge, wherein the appellant imputes error to the trial Judge in charging, in effect, that the failure to comply with the statute requiring change of registration of license upon change of ownership of the car in question created a presumption of ownership in Fleming, has been disposed of in our discussion of the motion for direction of a verdict.

In one of appellant's exceptions error is imputed upon the ground that there was no evidence to support a verdict for punitive damages. That question cannot be considered, for the reason that it was not raised in the lower Court in a motion for a nonsuit or direction of a verdict.

Having given careful consideration to the entire record in the case, it is our opinion that the trial Judge made a proper ruling in the matters presented to him, and the exception must be overruled.

The judgment of the lower Court is therefore affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.