17593

Laura H. NORWOOD, Administratrix of the Estate of Thomas L. Norwood, Respondent, v. F. A. COLEY, Appellant

(111 S. E. (2d) 550)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Messrs. Gary D. Brown,* of Abbeville, and *William T. Jones,* of Greenwood, *for Respondent,*

December 14, 1959.

TAYLOR, Justice.

Early on the morning of June 8, 1954, near Winnsboro, South Carolina, a 1953 Ford, occupied by three First Sergeants, then stationed at Ft. Jackson, South Carolina, to wit: F. A. Coley, Jr., Merceder Hernandez, Thomas L. Norwood, while traveling South along Highway 321, collided with the rear end of a cotton laden truck and all three occupants of the car were killed.

This action was brought in the Court of Common Pleas for Abbeville County by the widow of Thomas L. Norwood against F. A. Coley, Sr., father of F. A. Coley, Jr., who died in the collision, upon the theory that the car belonged

to the appellant and was a family purpose car being used for a family purpose. The case was submitted to the jury, who found for the respondent in the sum of $15,000.00 actual damages and appellant now appeals contending first, that the facts do not bring this case within the family purpose doctrine and, second, there was no testimony of heedlessness and recklessness as required by the South Carolina guest statute sufficient to submit the case to the jury.

At the time of collision, one Merceder Hernandez was driving the car with F. A. Coley, Jr., riding in the front seat and respondent's intestate, Thomas L. Norwood, riding in the rear seat. The two in the front seat were killed instantly, and respondent's intestate died a short time later.

The testimony reveals that the car struck the rear of the truck with considerable force and was wedged under the rear of the truck in such manner as to require removal by a wrecker.

Respondent testified that some time after the collision appellant called on her at her home and, while talking, made inquiry as to whether or not any one had come to see her about the car he had let his son keep at Ft. Jackson which was involved in the accident in which her husband was killed. This testimony coupled with the fact that the car was registered in the name of F. A. Coley, Sr., by the North Carolina Highway Department was relied upon by the respondent to bring the case within the family purpose doctrine.

Appellant and Mrs. Coley, who was with him at the time, emphatically denied having made such statement, stating that appellant had no claim on the car; that the car had never been his; that his son had left home and become a member of the armed services at the age of 17 and at the time of his death was 23 years of age; that the only time he had been home in that period was when he was able to get leave during the six years; that during this period he had served at Ft. Lewis, Washington, Korea, and Iceland, and at the time

of his death had already received orders to go overseas again; that at no time had he lived at home or had the father in any way added or contributed to the son's upkeep but on the contrary, the son had assisted his father, who was a textile worker at Gastonia, North Carolina, financially; that at the time F. A. Coley, Jr., was ordered to Iceland, he left with his father a 1950 Ford which he drove upon occasion in order to keep it in operating order, and upon his son's return to the States in 1953, his son traded the 1950 Ford for a 1953 Ford with Lewis Motors, Gastonia, North Carolina; that at the time it was necessary to finance part of the purchase price with the Wachovia Bank and Trust Company of Charlotte, North Carolina, who refused to accept such papers from a member of the armed services. The appellant testified that the Motor Company then asked that it be placed in the name of F. A. Coley, Sr., in order that the papers might be discounted with the Bank; and the salesman, who handled the transaction, stated that the seller knew the car belonged to F. A. Coley, Jr., and looked to him for the payments; that the seller was willing to accept the papers of F. A. Coley, Jr., but because of the policy of the Bank, they used the name of F. A. Coley, Sr.

All payments were made by the son and the car was kept by the son, never having been driven by the father, mother, sisters, or any other member of the family. There is no evidence to the contrary; neither is there any evidence of the car having been used for the convenience or pleasure of any other member of the family.

South. Carolina is one of the jurisdictions which has adopted the family purpose doctrine. *Davis v. Littlefield,* 97 S. C. 171, 81 S. E. 487; *Mooney v. Gilreath,* 124 S. C. 1, 117 S. E. 186.

This Court stated in *Davis v. Littlefield, supra* [97 S. C. 171, 81 S. E. 488]:

"* * * The parent is not liable for the negligence of the child by reason of the relation of parent and child, yet, if the child is the agent of the father, then the existence of the

relation, parent and child, does not destroy the liability of the principal for the acts of the agent. So here the nonlia- bility of the father for the acts of the son does not destroy the liability of the master for the acts of his servant done in the course of his employment."

And in *Mooney v. Gilreath, supra,* this Court stated [124 S. C. 1, 117 S. E. 187] :

'While the 'family purpose' theory has been severely criti- cized by several courts of high standing as unsound in prin- ciple, it has apparently been approved and adopted by a ma- jority of the American courts. * * *"

The family purpose doctrine is defined in 5-A Blashfield Cyclopedia of Automobile Law and Practice 37, as follows :

"When an automobile is maintained by the owner thereof for the general use and convenience of his or her family in some jurisdictions such owner is liable for the negligence of a member of the family, having general authority to drive the car, while it is being used as such family car; that is for the pleasure or convenience of the family or a member of it.

"The use of the car for such purpose by a member of the family is generally considered as within the scope of the owner's business, analogously to the furnishing of food and clothing to the family or ministering to their health, and that a child or other member of the family, other than the owner, who drives the car while containing other members of the family, for their convenience and pleasure, with the general consent of the owner, may be regarded in so doing as so carrying out the purpose of the owner, and for which the car is maintained, as to render the owner liable for the negligent driving of the child or member of the family on the principle of agency."

In *Hewitt v. Fleming,* 172 S. C. 266, 173 S. E. 808, cited by respondent, the car was unquestionably used for the gen- eral convenience and use of the family which is not the situ- ation in instant case. Respondent contends that the registra- tion of the car in appellant's name and the statements alleged

to have been made by appellant as to ownership are sufficient to require affirmance of the verdict, as the question of ownership was properly one for the jury. Granting that ownership of the car lay in appellant and that he was the father of the one who had possession of the car at the time, we are of opinion that ownership and relationship are of themselves insufficient as the facts heretofore alluded to are susceptible of no other reasonable conclusion but that the car in question was not kept for the general use and convenience of the family and that at the time of collision there was no relationship of principal and agent which would render the father liable for the acts of his son; that the verdict and judgment appealed from should be reversed and set aside and judgment entered for appellant; and it is so ordered. Reversed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.