18014

Sandra Jean PORTER, by her duly appointed guardian ad litem, R. C. Porter, Respondent, v. Leon D. HARDEE, Sr., and Clairne Vereen, Defendants, in which Leon D. Hardee, Sr., is Appellant.

(129 S. E. (2d) 131)

*Messrs. McCaskill & Thompson,* of Conway, *for Appellant,*

*Messrs. Long & Long,* of Conway, *for Respondent,*

January 10, 1963.

Lewis, Justice.

This is an appeal by the defendant, Leon D. Hardee, Sr., from a judgment entered against him in favor of the plaintiff for personal injuries sustained by her in an automobile collision while she was riding in an automobile registered in the name of the defendant and driven by his minor son, Leon D. Hardee, Jr. The collision occurred on a Sunday afternoon while Leon D. Hardee, Jr., was engaged in a pleasure ride, accompanied by the plaintiff and one other person. This action was brought against the defendant upon the theory that the automobile, in which the plaintiff was riding,

was owned by the defendant and was being used at the time by his son within the scope and purpose of a family automobile. The issues were submitted to the jury and resulted in a verdict for the plaintiff for the sum of $2850.00.

The sole question for determination in this appeal, preserved by appropriate motions of the defendant in the lower court and exceptions here, is whether or not there was any evidence to sustain the jury's finding that the automobile in question was owned or maintained by the defendant for family purposes, so as to impose liability upon him under the family purpose doctrine.

The plaintiff called as one of her witnesses, Leon D. Hardee, Jr., the minor son of the defendant, who was driving the automobile in which the plaintiff was riding at the time of the collision. The record fails to show the facts to be other than as this witness testified and, having called him as a witness, the plaintiff was bound by his testimony. *Rakestraw v. Allstate Insurance Co.,* 238 S. C. 217, 119 S. E. (2d) 746; *Brissie v. Southern Ry. Co.,* 209 S. C. 503, 41 S. E. (2d) 97.

Leon D. Hardee, Jr., testified that he lived with his father, the defendant, on his father's farm and received income from the farming operations. He further testified that he purchased the automobile with his money about two weeks prior to the wreck, but title to the vehicle was placed in his father's name because he was a minor. His testimony shows that the defendant maintained an automobile which was used by the family, the automobile in question being used almost exclusively by Leon D. Hardee, Jr.

The testimony for the plaintiff, which was corroborated by that of the defendant, therefore, shows that the automobile in which plaintiff was riding was owned by Leon D. Hardee, Jr., the minor son of the defendant and used almost exclusively by him; that title to the vehicle was placed in the defendant's name solely because Leon D. Hardee, Jr., was a minor; that the defendant provided another automobile for

the use of himself and his family; and that the automobile in question was not provided, maintained, or used by the defendant for general family purposes.

The family purpose doctrine, upon which plaintiff relied to impose liability upon the defendant, has been adopted in this State. Under this doctrine, "where the head of the family maintains a motor vehicle for the general use, pleasure, and convenience of the family he is liable for the negligence of a member of the family having general authority to drive it while the vehicle is being so used." 60 C. J. S., Motor Vehicles, § 433 (a), p. 1066.

A necessary requisite to the imposition of liability under the family purpose doctrine, therefore, is that the head of the family own, maintain, or furnish the automobile and, where the head of the family does not own, maintain, or furnish the automobile for general family use, he is not liable. 60 C. J. S., Motor Vehicles, § 433 (c) p. 1070; *Norwood v. Coley,* 235 S. C. 314, 111 S. E. (2d) 550.

As heretofore stated, the testimony produced by the plaintiff conclusively shows that the defendant did not maintain or furnish the vehicle for the use of his family. Under such circumstances, liability could not be imposed upon the defendant under the family purpose doctrine.

The plaintiff contends, however, that, since the car was registered in the name of the defendant and that his son, a minor, residing in the home, was using it for his pleasure, a presumption arises that the son was at the time of the collision the servant of the defendant, and made an issue of fact for the jury. In support of his contention, the plaintiff cites the cases of *Mooney v. Gilreath,* 124 S. C. 1, 117 S. E. 186; *Burbage v. Curry,* 127 S. C. 349, 121 S. E. 267; and *Hewitt v. Fleming,* 172 S. C. 266, 173 S. E. 808.

The facts of the foregoing cases clearly distinguish them from the present case. A review of them, however, is unnecessary, as any presumption that may have arisen from proof of the foregoing facts was clearly rebutted by the un-

contradicted testimony of the witness for the plaintiff, by which she was bound, that the car was in fact owned by the son and was not maintained or furnished by the defendant for general family use.

The judgment of the lower court is accordingly reversed and the cause remanded for entry of judgment in favor of the defendant.

Reversed and remanded.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.