18513

Johnny B. STONE, Respondent, v. Albert P. BARNES and Ewell C. Parnell, Appellants

(148 S. E. (2d) 738)

*Messrs. Thomas M. Howell, Jr.,* of Walterboro, and *Brockinton & Brockinton,* of Charleston, *for Appellants,*

*Messrs. Keith M. Kinard,* of Walterboro, and *Henry Hammer,* of Columbia, *for Respondent,*

*Messrs. Thomas M. Howell, Jr.,* of Walterboro, and *Brockinton & Brockinton,* of Charleston, *for Appellant, in Reply,*

June 1, 1966.

LEWIS, Justice.

The plaintiff brought this action to recover damages resulting from personal injuries sustained in a collision, about nine o'clock a. m., on January 31, 1962, at the intersection of Memorial Avenue and Carn Street in the Town of Walterboro, South Carolina, between the automobile in which he was riding as a passenger and a truck owned by defendant Barnes and driven at the time by his employee, the defendant Parnell. In the course of the trial the defendants' motion for a directed verdict was denied, that of plaintiff to strike

the defenses of joint enterprise and contributory negligence granted upon the ground that there was no evidence to sustain them, and the case submitted to the jury on the sole issue of whether the defendant driver was guilty of any actionable negligence or recklessness. The jury returned a verdict for plaintiff in the amount of $50,000.00, actual damages. Thereafter, an order was entered denying defendants' motions for judgment *n. o. v.* and, in the alternative, for a new trial, from which they have prosecuted this appeal.

The exceptions on appeal charge that the trial judge erred (1) in holding that there was sufficient evidence to require submission of the question of liability of the defendants to the jury, (2) in holding that there was no evidence to sustain the defenses of joint enterprise and contributory negligence, (3) in his rulings as to the admissibility of certain testimony, and (4) in the charge to the jury. Since the case must be remanded for a new trial, the only issues which we need decide are:

(1) Was there any evidence of actionable negligence or recklessness on the part of the defendant driver to require submission of the case to the jury; and if so,

(2) Was there any evidence to sustain the defense of contributory negligence?

At the time of the collision, the automobile in which plaintiff was riding was proceeding east on Carn Street and the defendant's truck was proceeding north on Memorial Avenue. These streets intersect, with Carn running east-west and Memorial north-south. The posted speed limit was 15 miles per hour on Memorial Avenue and 20 miles per hour on Carn Street.

Traffic passing through the intersection was controlled by an overhead flashing signal which flashed red for traffic approaching on Carn Street, on which plaintiff's vehicle was travelling, and yellow for traffic on Memorial Avenue, on which defendant's truck was travelling. Therefore, under Sections 46-309 and 46-423 of the 1962 Code of Laws,

traffic on Carn, which faced the red light, was required to stop before entering the intersection and yield to other vehicles on Memorial which had entered the intersection or were approaching so closely as to constitute an immediate hazard; and traffic on Memorial, which faced the yellow light, was required to proceed through the intersection "only with caution."

There was testimony on behalf of plaintiff that, at the time of the collision, he was riding in an automobile owned and driven by a co-worker, Harvell Breland, and was being carried to the hospital from their place of work for treatment of an injury to plaintiff's thumb; that, as they approached the intersection, the driver stopped, looked in both directions, saw no traffic approaching on Memorial Avenue, and then drove into, the intersection where the automobile was struck on the right side by the defendant's truck which was travelling at a speed of thirty to forty miles per hour.

On the other hand, the defendant Parnell, driver of the truck, testified that, as he approached the intersection, he slowed down, looked both ways, didn't see anything coming, then proceeded into the intersection; and just as he entered the intersection the automobile in which plaintiff was riding came "flying at an outrageous speed and side-swiped the front of my truck from one end of his car to the other." He estimated the speed of the automobile at "50 miles or better."

There were no brake marks from either vehicle and both drivers testified that they did not see the other until the impact.

Since there must be a new trial, we will not attempt to review the evidence in further detail. It is sufficient to point out that the testimony was conflicting as to the manner of operation of the vehicles at the time, particularly as to the speed each was travelling, the lookout kept by the drivers, and the precautions taken before entering the intersection. Under all of the circumstances,

viewed in the light of the duties imposed upon the respective drivers at the particular intersection, we think the trial judge properly held that the testimony presented a jury issue as to whether the defendant driver was guilty of actionable negligence or recklessness at the time. *Geiger v. Checker Cab Co.,* 229 S. C. 39, 91 S. E. (2d) 552; *Clawson v. City of Sumter, S. C.,* 148 S. E. (2d) 350, Smith's Advance Sheet of May 7, 1966.

The remaining question relates to the ruling of the trial judge relative to the defense of contributory negligence on the part of the plaintiff. At the conclusion of the testimony this defense was stricken upon the ground that there was no evidence to sustain it. We think that such was error and requires that a new trial be granted on that ground.

We have held that, even though the contributory negligence of the driver of a motor vehicle is not imputed to the occupant thereof, he must exercise ordinary care for his own safety; and where the failure of the occupant to exercise ordinary care contributes proximately to cause his injuries, he is guilty of contributory negligence which will bar him of recovery. Generally the issue is one of fact for the jury to determine in the light of all the facts and circumstances existing at the time. *Funderburk v. Powell,* 181 S. C. 412, 187 S. E. 742, *Cummings v. Tweed,* 195 S. C. 173, 10 S. E. (2d) 322; *Crapse v. Southern Railway Company,* 201 S. C. 176, 21 S. E. (2d) 737.

The duty imposed upon the occupant of a motor vehicle to exercise due care for his own safety is thus summarized in *Funderburk v. Powell, supra:*

"Thus, in the absence of any fact or circumstance indicating the contrary, he need not anticipate that the driver, who has exclusive control and management of the vehicle, will enter a sphere of danger, will omit to exercise proper care to observe the approach of other vehicles, or fail to signal the approach of the vehicle which he is driving, or fail to keep the speed of the vehicle within proper limits,

or otherwise improperly increase the common risks of travel. But an occupant of a motor vehicle may not abandon the exercise of his own faculties and intrust his safety absolutely to the driver, regardless of the imminence of the danger, or the visible lack of ordinary care on the part of the driver to avoid harm. If he fails to use ordinary care, including the exercise of his own senses of sight, hearing, and perception to protect himself under such circumstances, he is guilty of contributory negligence. 42 C. J. 1170."

The plaintiff and his driver were proceeding to the hospital to secure treatment of plaintiff's thumb which had just been severed by a power saw. Both plaintiff and the driver testified that the injury to plaintiff's thumb was not considered by them to be serious at the time. While the testimony is in sharp conflict, an inference may be reasonably drawn therefrom that the automobile occupied by plaintiff was driving into the stop intersection at a speed of fifty miles per hour; that plaintiff was observing the operation of the vehicle, saw the flashing red signal while same distance away, had ample opportunity to observe the approaching danger, but gave no warning or protest to the driver. Under all of the facts and circumstances, it was for the jury to determine whether plaintiff's driver was operating the vehicle in a careless manner, whether danger from the manner of such operation was, or should have been, reasonably apparent to plaintiff, and whether any failure of plaintiff to exercise due care for his own safety proximately contributed to his injury.

The question of the contributory negligence of plaintiff was an important issue in the case and, under the facts, should have been submitted to the jury for determination. The failure to do so requires reversal.

While it is unnecessary for us to decide the remaining questions presented, we call attention to a portion of the charge to the jury to which exception has been made.

After instructing the jury as to the various traffic statutes considered applicable to the issues, the trial judge gave the following charge:

"Now, Gentlemen, I charge you that violation of the provisions of these traffic statutes is negligence *per se,* that is negligence as a matter of law. Hence, proof of such a violation is proof of negligence and if any injury results from such violation, there is a presumption of law that such violation is a proximate cause of the injury, but such presumption would be rebuttable by all of the evidence and the jury should consider any and all evidence that may be in the case in determining the question of proximate cause."

Attention is called to the foregoing charge simply to repeat the admonition given to the trial judges in *Myers v. Evans,* 225 S. C. 80, 81 S. E. (2d) 32, 35 with reference to instructions of this nature in dealing with violations of highway statutes. It was there pointed out that such instructions are confusing, "since if an injury *results* from the violation of a statute, there is no room for a presumption." The court then stated: "It is, therefore, better to omit any instruction concerning presumptions in the case of the violation of a highway statute."

Reversed and remanded for a new trial.

Moss, Acting C. J., Bussey and Brailsford, JJ., and Lionel K. Legge, Acting J., concur.