23895

Lee Meredith THOMPSON and Sally Thompson, Respondents v. Niki MICHAEL and Nicos Michael, Appellants.

(433 S.E. (2d) 853)

Supreme Court

*Theron G. Cochran,* of *Love, Thornton, Arnold & Thomason, P.A.,* Greenville, *for appellants.*

*Noel Turner* and *Richard H. Rhodes,* of *Burts, Turner, Rhodes & Thompson,* Spartanburg, *for respondents.*

Heard May 19, 1993; Decided July 12, 1993.

Reh. Den. Aug. 17, 1993.

MOORE, Justice:

This is a negligence case arising from an automobile accident. The trial judge granted summary judgment on the issues of contributory negligence and liability under the family purpose doctrine. We affirm in part and reverse in part.

## FACTS

Respondents (the Thompsons) commenced this action to recover damages for personal injuries sustained by respondent Lee Meredith Thompson (Meredith). The accident occurred on October 7, 1988, when Meredith was seventeen years old. She was a passenger in a car driven by appellant Niki Michael who was sixteen years old at the time. The car was a 1982 Mazda RX7 which has only two seats. Another person, Dwayne Bradshaw, was also in the car.

Niki was driving 55 to 60 m.p.h. on a 35 m.p.h. curving road at approximately 10:50 p.m. when she lost control of the car, crossed the center line, and collided head-on with a car travelling in the opposite direction. Dwayne was killed; Niki and Meredith were seriously injured, as were the three occupants of the other car.

The Thompsons moved for summary judgment. The trial judge found as matter of law: (1) Niki was "negligent and/or reckless" in operating the vehicle; (2) Niki's father, appellant Nicos Michael, was liable under the family purpose doctrine; and (3) Meredith was not contributorily negligent nor did she assume the risk for her injuries

Appellants (the Michaels) contest only the findings that Meredith was not contributorily negligent and that Mr. Michael was liable for Niki's negligence under the family purpose doctrine.

## ISSUES

1. Whether there is any issue of fact regarding contributory negligence.

2. Whether there is any issue of fact regarding application of the family purpose doctrine.

## DISCUSSION

Generally, the issue of contributory negligence is a question of fact for the jury. *Williams v. Kinney*, 267 S.C. 163, 266 S.E. (2d) 555 (1976). Where the evidence

is susceptible of only one inference, however, contributory negligence becomes a question of law for the court. *House v. European Health Spa*, 269 S.C. 644, 239 S.E. (2d) 653 (1977). In this case, the Michaels claim the trial judge erred in finding as a matter of law that Meredith was not contributorily negligent for the following three reasons.

(1) Meredith rode with an inexperienced driver who was operating the car on an unfamiliar, winding road.

The fact that Meredith knew Niki had been driving only a short time is not evidence of contributory negligence. In the absence of any fact or circumstance indicating the driver is *incompetent or careless*, an occupant of a vehicle is not required to anticipate negligence on the part of the driver. *Cummings v. Tweed*, 195 S.C. 173, 10, S.E. (2d) 322 (1940). Further, contrary to the Michael's contention, the record indicates Niki was familiar with the road on which the accident occurred.

(2) Meredith rode in a car built for two occupants as the third occupant seated in an unusual position.

The record indicates Meredith was sharing the passenger seat with Dwayne. Her right leg and hip were on his left leg and she was leaning against the shifting console between the two seats. Meredith testified she was not interfering with Niki's driving. Niki testified nothing Meredith did contributed to the accident. The investigating officer testified there was no evidence the presence of three people in the car contributed to the accident.

Further, it is not prohibited to ride as a passenger with three people in a two-seat car if there is no interference with the driver's operation of the vehicle. S.C. Code Ann. § 56-5-3820 (1991) provides: "No passenger in a vehicle shall ride in such position as to interfere with the driver's view ahead or to the side or to interfere with his control over the driving mechanisms of the vehicle." There is no evidence of any obstruction in this case.

(3) Meredith failed to timely protest Niki's driving or to demand the car be stopped to allow her to exit.

Meredith testified she and Niki spent the evening together driving around and visiting with friends. There is no evidence either of them was drinking. They were giving Dwayne (who was intoxicated) a ride back to Spartanburg from Landrum.

Niki drove up Main Street in Landrum and turned right onto Prince Road. Niki's driving had given Meredith no cause for concern the entire evening. When Niki turned onto Prince Road, however, over the next mile she accelerated to 55 or 60 m.p.h. Meredith asked Niki to slow down. Niki laughed and responded: "No, we're having fun, aren't we, Dwayne?" The wreck occurred thirty seconds later. Niki testified she could remember nothing after turning onto Prince Road.

A passenger has a duty to exercise due care for her own safety to caution the driver and if the warning is disregarded and speed unaltered, she must request the automobile be stopped and she be permitted to leave. *Lynch v. Alexander*, 242 S.C. 208, 130 S.E. (2d) 563 (1963). Whether a warning should have been given is often a question of fact for the jury. *See Stone v. Barnes*, 248 S.C. 28, 148 S.E. (2d) 738 (1966). In this case, however, it is undisputed Meredith warned Niki to slow down.

Further, the duty to warn and demand the car be stopped is qualified by the requirement that there be reasonable time and opportunity for an occupant to give such a warning or make such a demand. *Brown v. Hill*, 228 S.C. 34, 88 S.E. (2d) 838 (1955). Here, it is undisputed Meredith warned Niki almost immediately after she began speeding and the wreck occurred thirty seconds later. There is no evidence of a reasonable opportunity for an earlier protest or, once the protest was made, to demand to be let out. We conclude there is no issue of fact on the question of Meredith's contributory negligence and summary judgment was properly granted.

Next the Michaels contend the trial judge erred in granting summary judgment on the issue of Mr. Michael's liability under the family purpose doctrine. We agree.

Under the family purpose doctrine, the head of a family who owns, furnishes, and maintains a vehicle for the general use and convenience of his family is liable for the negligence of a family member having general authority to operate the vehicle for such a purpose. *Lucht v. Youngblood*, 266 S.C. 127, 221 S.E. (2d) 854 (1976); *Lollar v. Dewitt*, 255 S.C. 452, 179 S.E. (2d) 607 (1971). This doctrine derives from agency law and will impose liability on a parent when a child is acting as his agent. *Norwood v. Coley*, 235 S.C. 314, 111 S.E.

(2d) 550 (1959). Even if the parent owns the car, it must be determined whether the parent provided the car for the general use and convenience of the family. If the car was not provided for the general use and convenience of the family, there is no relationship of principal and agent at the time of the wreck to impose liability on the parent. 235 S.C. 314, 111 S.E. (2d) at 552; *see also Hewitt v. Fleming,* 172 S.C. 266, 173 S.E. 808 (1934).

In this case, the record indicates the car was titled in Mr. Michael's name but he had given it to Niki's sister, Kalliope. Kalliope attended college away from home and usually kept the car at school. She had left it at the shop for repairs and let Niki use it until she returned home to pick it up in a few days. Niki was allowed to drive the car only when Kalliope let her.

Since there is evidence the car was not provided by Mr. Michael for the general use and convenience of the family but rather was a gift to Kalliope, a question of fact exists whether Mr. Michael is liable under the family purpose doctrine. *Hewitt v. Fleming, supra.* The fact the car was titled in Mr. Michael's name is not conclusive. *Id.* Summary judgment was therefore improperly granted on this issue.

Affirmed in part; reversed in part.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.