IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LIA WARD,

       Appellant,

 v.                                   Case No.  5D16-1641

KEITH M. MORLOCK,

       Appellee.

_____/

Opinion filed May 5, 2017

Appeal from the Circuit Court
for Orange County,
John Marshall Kest, Judge.

Lindsey M. Tenberg, Lighthouse Point, for
Appellant.

Michael M. Brownlee, of Fisher Rushmer,
P.A., Orlando, for Appellee.


LAMBERT, J.

The issue that we address in this conflict of laws case is whether Florida's

dangerous instrumentality law should apply to a case arising out of a motor vehicle

accident that occurred in South Carolina where the only two parties to the litigation are

Florida residents.  The material facts of the case are not in dispute.  Appellee, Keith

Morlock, and his family were vacationing in South Carolina with his brother-in-law, Paul

Behrens, and his family.  Behrens' son needed a ride to a local airport, and Behrens asked

Appellee if he could borrow his vehicle. Appellee consented, and while on the way to the airport, Behrens rear-ended the car that Appellant, Lia Ward, was driving at an intersection located in Mt. Pleasant, South Carolina.

Appellant filed a negligence suit solely against Appellee, seeking damages under Florida's dangerous instrumentality doctrine, which provides that an owner of a motor vehicle is generally liable for injuries that are caused by the vehicle's negligent operation. *Michalek v. Shumate*, 524 So. 2d 426, 427 (Fla. 1988). Appellee answered the complaint, and after the parties conducted some preliminary discovery, Appellee moved for final summary judgment. Appellee argued that South Carolina law, rather than Florida law, governed and that under South Carolina law, the mere ownership of a vehicle is, without more, insufficient to establish the owner's liability for the negligence of the driver. *See Thompson v. Michael*, 433 S.E.2d 853, 855-56 (S.C. 1993). Appellee argued that because there was no evidence that he negligently entrusted his vehicle to his brother-in-law or that he would otherwise be liable to Appellant under South Carolina's "Family Purpose Doctrine,"[1] final summary judgment was proper. The trial court determined that

---

[1] The South Carolina Supreme Court has explained that the Family Purpose Doctrine arises from the law of agency and is derived from the notion that one "who has made it his business to furnish a car for the use of his family is liable as principal or master when such business is being carried out by a family member using the vehicle for its intended purpose, the family member thereby filling the role of agent or servant." *Gause v. Smithers*, 742 S.E.2d 644, 648 (S.C. 2013) (quoting *Campbell v. Paschal*, 347 S.E. 2d 892, 897 (S.C. Ct. App. 1986). To impose liability under this doctrine, the plaintiff must prove that the defendant is the head of the family and that the defendant owned, maintained, or furnished the automobile. *Id.* In the present case, Appellee's brother-in-law, Behrens, is an adult who resides with his own family in Pennsylvania. Thus, under South Carolina's Family Purpose Doctrine, the trial court concluded that Appellee would not be liable to Appellant for Behrens' allegedly negligent operation of Appellee's car. The undisputed evidence before the trial court demonstrates that Behrens is not a member of Appellee's family or, stated differently, Appellee is not the head of Behrens' family.

South Carolina law, rather than Florida law, applied and thereafter entered final summary judgment in favor of Appellee.

"The standard of review for choice-of-law questions is de novo." *Higgins v. W. Bend Mutual Ins. Co.*, 85 So. 3d 1156, 1157-58 (Fla. 5th DCA 2012) (citing *Sosa v. Safeway Premium Fin. Co.*, 73 So. 3d 91, 102 (Fla. 2011); *Sigalas v. Lido Maritime, Inc.*, 776 F.2d 1512, 1516 (11th Cir. 1985)). In determining which state's law applies in conflict of laws cases, Florida courts historically utilized the *lex loci delicti* rule that made the substantive law of the state where the injury occurred applicable to personal injury actions. *See Hopkins v. Lockheed Aircraft Corp.*, 201 So. 2d 743, 745-46 (Fla. 1967). However, in 1980, the Florida Supreme Court receded from this doctrine and adopted the "significant relationships test" as set forth in sections 145-146 of the Restatement (Second) of Conflict of Laws (Am. Law. Inst. 1971), which it described as the "more flexible, modern approach" in determining this issue. *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980).

The cited sections of the Restatement provide:

> § 145 The General Principle.
>
> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> > (a) the place where the injury occurred,
> >
> > (b) the place where the conduct causing the injury occurred,

3

> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance to the particular issue.
>
> § 146 Personal Injuries
>
> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Section 6(2) of the Restatement (Second) of Conflict of Laws sets forth the following choice of law principles in assessing which state law is to be applied:

> (a) the needs of the interstate and international systems,
>
> (b) the relevant policies of the forum,
>
> (c) the relevant policies of the other interested states and the relative interests of those states in the determination of the particular issue,
>
> (d) the protection of justified expectations,
>
> (e) the basic policies underlying the particular field of the law,
>
> (f) certainty, predictability and uniformity of result, and
>
> (g) ease in the determination and application of the law to be applied.

Pertinent to our resolution of this appeal is the recognition that the "significant relationships test does not require the court to evaluate the recited contacts with a view to determine which state's local law should be applied to all issues in the *case* as a whole;

4

rather, the contacts must be evaluated with respect to the particular *issue* under consideration." *Stallworth v. Hosp. Rentals, Inc.*, 515 So. 2d 413, 415 (Fla. 1st DCA 1987) (citing *Hertz v. Piccolo*, 453 So. 2d 12 (Fla. 1984); *Harris v. Berkowitz*, 433 So. 2d 613 (Fla. 3d DCA 1983)).  Thus, although two of the four contacts under section 145(2), the place where both the injury and the conduct causing the injury occurred, favor South Carolina,[2] these contacts are evaluated qualitatively, not quantitatively, according to their relative impact to the particular issue.  *See Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 312 (5th Cir. 2000).

As previously stated, the critical legal issue in dispute is whether Appellee, as owner of the automobile, may be held vicariously liable for Appellant's injuries and damages under Florida's dangerous instrumentality doctrine.  Comment a. to section 145 of the Restatement (Second) of Conflict of Laws recognizes that sections 156-174 of the Restatement focus on specific issues in tort, providing that the best way to bring more precision into the conflict of laws arena is by attempting to provide special rules for particular issues in tort.  On the precise issue of vicarious liability, comment a. to section 174 of the Restatement (Second) of Conflict of Laws directs the forum court to apply "the local law of the state which has the most significant relationship to the occurrence and the parties with respect to the issue of vicarious liability" in deciding "whether one person is liable for the tort of another."  *See also Cates v. Creamer*, 431 F.3d 456, 463 (5th Cir. 2005).  Comment a. to section 174 further provides that the state whose vicarious liability law is to be applied should be selected in accordance with the choice-of-law principles

---

[2] As to the fourth contact under section 145(2), there is no pre-accident relationship between Appellant and Appellee.

stated in section 6 and that these principles require the forum court to consider: "(1) whether the relationship between the defendant and the other person makes the imposition of vicarious liability reasonable and (2) whether there is a reasonable relationship between the defendant and the state whose local law is to be applied."

Pursuant to sections 6 and 174, we conclude that Florida has the most significant relationship to the occurrence and the parties on the issue of vicarious liability. First, Appellee is a Florida resident and the vehicle that his brother-in-law allegedly operated in a negligent manner was both registered and insured in Florida. As such, there is a "reasonable relationship" between Appellee and Florida. Second, Appellant is also a Florida resident. Applying Florida law on the issue of vicarious liability is consistent with the policy behind its dangerous instrumentality doctrine; that is, to "protect[] plaintiffs from impecunious drivers by imposing liability on the owners of the vehicles." *Cates*, 431 F.3d at 465. Third, Behrens, who has not been sued or otherwise named as a party in the underlying litigation, is a resident of Pennsylvania. Florida's manifest interest in both protecting its residents and holding its residents responsible under its dangerous instrumentality doctrine far outweighs any interest that South Carolina may have in the application of its laws here, where neither driver nor owner resides in South Carolina. Moreover, while both states have a public policy of protecting an injured plaintiff against monetary costs at the hands of a negligent defendant, South Carolina does not impose vicarious liability upon owners of automobiles. Thus, the application of Florida's law in this case more readily serves this purpose without offending South Carolina. Additionally, South Carolina would appear to have little, if any, interest in protecting Appellee, a Florida resident, from liability under Florida's vicarious liability law. Fourth, pursuant to section

6(2)(a), given that the only two parties to his action are Florida residents, the needs of the interstate system appear to be minimally impacted. Fifth, under section 6(2)(d), neither Appellee nor his brother-in-law had any "justified expectations" that the law of South Carolina as opposed to the law of Florida would apply when Behrens borrowed Appellee's car, and we find it entirely reasonable for Appellee to be vicariously liable for the actions of his brother-in-law's allegedly negligent driving. Finally, pursuant to section 6(2)(f) and (g), we find no difficulty or any lack of predictability or certainty in applying Florida's dangerous instrumentality law to a motor vehicle accident where both vehicles are licensed, registered, and insured in Florida and both parties to the litigation are Florida residents, irrespective of where the motor vehicle accident occurred.

In sum, under the facts of this case, Florida is the state with the most significant relationship for the issue of vicarious liability, and the trial court should have applied Florida's dangerous instrumentality law. Accordingly, we reverse the final summary judgment and remand this case for further proceedings consistent with this opinion.

REVERSED and REMANDED.

WALLIS, J., concurs.
TORPY, J., concurs and concurs specially, with opinion.

I fully concur with the majority opinion.  I write separately to address arguments not raised by the parties, including the effect of section 324.021(9)(b)3., Florida Statutes (2017). Although the Dangerous Instrumentality Doctrine was originally created by decisional law, since 1999, it has been codified in a statute that supersedes other statutes or "existing case law." It provides that the owner of a vehicle who loans it to "any permissive user **shall be liable** for the operation of the vehicle or the acts of the operator in connection therewith" up to certain limits, depending on what insurance limits are obtained. § 324.021(9)(b)3., Fla. Stat. (2017) (emphasis added).  This statute imposes and limits the liability of an "owner," a defined term that includes the holder of "legal title." § 324.021(9)(a), Fla. Stat. (2017).

When an owner invokes the laws of Florida to obtain title and registration of a vehicle, the owner accepts the concomitant financial responsibility imposed by Florida law. This responsibility includes that which is imposed by section 324.021(9)(b)3.  Nothing in this statute purports to limit the scope of this liability to permissive use that originates in this state or to injuries caused within the geographic confines of this state. The statute recognizes that the vehicle owner is in the best position to secure resources to pay for injuries and ensure that the vehicle, a dangerous instrument, is entrusted to careful drivers. *See Burch v. Sun State Ford, Inc.,* 864 So. 2d 466, 470 (Fla. 5th DCA 2004) (identifying policy for Dangerous Instrumentality Doctrine). New York is one of the few states with a similar statute.  I agree with much of the analysis of our sister court in New Jersey, which concluded that the New York statute imposing vicarious liability controlled where the vehicle was registered in New York even though the collision there occurred in

New Jersey. *Dolan v. Sea Transfer Corp.*, 942 A.2d 29, 36-37 (N.J. Super. Ct. App. Div. 2008). Here, Florida has similarly manifested a paramount interest in ensuring that owners of vehicles titled and registered in Florida assume responsibility for injuries arising from the use of those vehicles.

I also agree with the approach taken by New York's highest court in *Neumeier v. Kuehner,* 286 N.E.2d 454 (N.Y. 1972). The first so-called "*Neumeier* rule" addresses issues of "loss allocation," such as vicarious liability, where the plaintiff and defendant have a common domicile. *See id.* at 457; *see also Padula v. Lilarn Props. Corp.*, 644 N.E.2d 1001, 1003 (N.Y. 1994). In this circumstance, the law of the common domicile controls the loss allocation issue, irrespective of where the tort occurred. *See, e.g.*, *Dorsey v. Yantambwe*, 276 A.D.2d 108, 111 (N.Y. App. Div. 2000) (Virginia law controlled issue of vicarious liability in suit arising from collision occurring in New York, where plaintiff and defendant shared common Virginia domicile).